# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3021

_____

United States of America,

        Appellee,

v.

Martin Larry Wilson,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: March 10, 2010
Filed: March 15, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal after a remand, Martin Wilson, who pled guilty to being a felon in possession of a firearm, challenges the sentence the district court[1] imposed upon resentencing. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's decision to depart upward by raising Wilson's criminal history category under the Sentencing Guidelines from III to IV. Specifically, counsel argues that the court abused its discretion because it relied on unscored convictions that were largely

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

misdemeanors and reflected Wilson's alcoholism rather than incorrigibility. Wilson argues in a pro se supplemental brief that, because he possessed the firearm as a keepsake, he should have been assigned a lower base offense level under the Guidelines.

We hold that the district court did not abuse its discretion in departing upward to a Category IV criminal history, because the court explained that it was basing the upward departure on the seriousness of Wilson's unscored convictions, his repeated assaults on his wife, and the likelihood of violent recidivism. See U.S.S.G. § 4A1.3(a)(1); United States v. Vasquez, 552 F.3d 734, 738-39 (8th Cir. 2009) (standard of review; upward departures under § 4A1.3(a) are applicable if reliable information indicates that criminal history category substantially under-represents seriousness of criminal history or likelihood that defendant will recidivate; court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective). We further hold that Wilson's pro se argument is foreclosed by his plea agreement, because Wilson stipulated in the plea agreement that he did not possess the firearm for lawful sporting purposes or for collection. See United States v. Paton, 535 F.3d 829, 834-35 (8th Cir. 2008) (de novo standard of review; defendant foreclosed from making arguments precluded by terms of plea agreement).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and we grant counsel leave to withdraw.

_____